FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 07, 2021

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JERRY R.,[1] | No. 1:20-cv-03196-MKD |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[2] | |
| Defendant. | ECF Nos. 16, 17 |

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER - 1

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 16, 17. The parties consented to proceed before a magistrate judge. ECF No. 6. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion, ECF No. 16, and denies Defendant's motion, ECF No. 17.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

ORDER - 2

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 416.920(a). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot,

considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §

ORDER - 4

416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience.  *Id.*  If the claimant is capable of adjusting to other work, the

ORDER - 5

Commissioner must find that the claimant is not disabled.  20 C.F.R. §

416.920(g)(1).  If the claimant is not capable of adjusting to other work, analysis

concludes with a finding that the claimant is disabled and is therefore entitled to

benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

step five, the burden shifts to the Commissioner to establish that (1) the claimant is

capable of performing other work; and (2) such work "exists in significant

numbers in the national economy."  20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*,

700 F.3d 386, 389 (9th Cir. 2012).

**ALJ'S FINDINGS**

On March 28, 2018, Plaintiff applied for Title XVI supplemental security

income benefits alleging a disability onset date of March 1, 2018.[3]  Tr. 15, 85, 211-

_____

[3] Plaintiff previously applied for Title XVI benefits and Title II childhood

disability benefits on January 10, 2011; the applications were denied initially on

May 18, 2011 and not appealed.  Tr. 87.  Plaintiff applied again for Title XVI

benefits on November 17, 2011, which resulted in an ALJ denial on November 6,

2013, and the Appeals Council declined to review the decision on December 15,

2014.  *Id.*, Tr. 59-84.

ORDER - 6

16.  The application was denied initially, and on reconsideration. Tr. 121-29, 134-40.  Plaintiff appeared before an administrative law judge (ALJ) on December 31, 2019.  Tr. 32-58.  On March 4, 2020, the ALJ denied Plaintiff's claim.  Tr. 12-31.

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since March 28, 2018.  Tr. 17.  At step two, the ALJ found that Plaintiff has the following severe impairments: left knee degenerative changes with internal derangement; chronic venous stasis of the right leg; attention-deficit hyperactivity disorder; depressive disorder; anxiety disorder; post-traumatic stress disorder; personality disorder; and history of substance use disorder.  *Id.*

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 18.  The ALJ then concluded that Plaintiff has the RFC to perform light work with the following limitations:

> [Plaintiff] can only occasionally climb ramps and stairs and cannot climb ladders, ropes or scaffolds; he can only occasionally kneel, crouch, and crawl; he should avoid concentrated exposure to excessive vibration and workplace hazards such as working with dangerous machinery and working at unprotected heights; he can frequently handle and finger; he can perform simple routine tasks in a routine work environment with simple work-related decisions involving only occasional superficial interaction with co-workers with no requirement for teamwork or supervision of other employees, and only very limited incidental interaction with the public, meaning the job does not require interaction with [the] public as part of the job

ORDER - 7

duties, nor are the job duties performed in an area that may involve frequent contact with the public.

Tr. 20.

At step four, the ALJ found Plaintiff has no past relevant work.  Tr. 25.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as housekeeping/cleaner, products assembler, and inspector/hand packager. Tr. 26.  Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the date of the application through the date of the decision.  *Id.*

On September 11, 2020, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income benefits under Title XVI of the Social Security Act.  Plaintiff raises the following issues for review

1.  Whether the ALJ properly evaluated the medical opinion evidence; and

2.  Whether the ALJ properly evaluated Plaintiff's symptom claims.

ECF No. 16 at 2.

ORDER - 8

# DISCUSSION

## A. Medical Opinion Evidence

Plaintiff contends the ALJ erred in rejecting the opinions of Ronald Early, Ph.D., M.D.; and Alexander Patterson, Psy.D.  ECF No. 16 at 4-14.  As an initial matter, for claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 416.920c.  The new regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…"  *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. § 416.920c(a).  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. § 416.920c(a) and (b).  The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the

ORDER - 9

other evidence in the claim or an understanding of our disability program's policies

and evidentiary requirements").  20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore

the ALJ is required to explain how both factors were considered.  20 C.F.R. §

416.920c(b)(2).  Supportability and consistency are explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence
> and supporting explanations presented by a medical source are to
> support his or her medical opinion(s) or prior administrative
> medical finding(s), the more persuasive the medical opinions or
> prior administrative medical finding(s) will be.

> (2) *Consistency.* The more consistent a medical opinion(s) or prior
> administrative medical finding(s) is with the evidence from other
> medical sources and nonmedical sources in the claim, the more
> persuasive the medical opinion(s) or prior administrative medical
> finding(s) will be.

20 C.F.R. § 416.920c(c)(1)-(2).  The ALJ may, but is not required to, explain how

the other factors were considered.  20 C.F.R. § 416.920c(b)(2).  However, when

two or more medical opinions or prior administrative findings "about the same

issue are both equally well-supported ... and consistent with the record ... but are

not exactly the same," the ALJ is required to explain how "the other most

persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R.

§ 416.920c(b)(3).

The parties disagree over whether Ninth Circuit case law continues to be

controlling in light of the amended regulations, specifically whether the "clear and

convincing" and "specific and legitimate" standards still apply. ECF No. 16 at 4-6; ECF No. 17 at 3-7. "It remains to be seen whether the new regulations will meaningfully change how the Ninth Circuit determines the adequacy of [an] ALJ's reasoning and whether the Ninth Circuit will continue to require that an ALJ provide 'clear and convincing' or 'specific and legitimate reasons' in the analysis of medical opinions, or some variation of those standards." *Gary T. v. Saul*, No. EDCV 19-1066-KS, 2020 WL 3510871, at *3 (C.D. Cal. June 29, 2020) (citing *Patricia F. v. Saul*, No. C19-5590-MAT, 2020 WL 1812233, at *3 (W.D. Wash. Apr. 9, 2020)). "Nevertheless, the Court is mindful that it must defer to the new regulations, even where they conflict with prior judicial precedent, unless the prior judicial construction 'follows from the unambiguous terms of the statute and thus leaves no room for agency discretion.'" *Gary T.*, 2020 WL 3510871, at *3 (citing *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Services*, 545 U.S. 967, 981-82 (2005); *Schisler v. Sullivan*, 3 F.3d 563, 567-58 (2d Cir. 1993) ("New regulations at variance with prior judicial precedents are upheld unless 'they exceeded the Secretary's authority [or] are arbitrary and capricious.'").

There is not a consensus among the district courts as to whether the "clear and convincing" and "specific and legitimate" standards continue to apply. *See, e.g.*, *Kathleen G. v. Comm'r of Soc. Sec.*, 2020 WL 6581012, at *3 (W.D. Wash.

ORDER - 11

Nov. 10, 2020) (applying the specific and legitimate standard under the new regulations); *Timothy Mitchell B., v. Kijakazi*, 2021 WL 3568209, at *5 (C.D. Cal. Aug. 11, 2021) (stating the court defers to the new regulations); *Agans v. Saul*, 2021 WL 1388610, at *7 (E.D. Cal. Apr. 13, 2021) (concluding that the new regulations displace the treating physician rule and the new regulations control); *Madison L. v. Kijakazi*, No. 20-CV-06417-TSH, 2021 WL 3885949, at *4-6 (N.D. Cal. Aug. 31, 2021) (applying only the new regulations and not the specific and legitimate nor clear and convincing standard). For the sake of consistency in this District, the Court adopts the rationale and holding articulated on the issue in *Emilie K. v. Saul*, No. 2:20-cv-00079-SMJ, 2021 WL 864869, *3-4 (E.D. Wash. Mar. 8, 2021), *appeal docketed*, No. 21-35360 (9th Cir. May 10, 2021). In *Emilie K.*, this Court held that the ALJ did not err in applying the new regulations over Ninth Circuit precedent, because the result did not contravene the Administrative Procedure Act's requirement that decisions include a statement of "findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record." *Id.* at *4 (citing 5 U.S.C. § 557(c)(A)). This rationale has been adopted in other cases with this Court. *See, e.g., Jeremiah F. v. Kijakazi*, No. 2:20-CV-00367-SAB, 2021 WL 4071863, at *5 (E.D. Wash. Sept. 7, 2021). Nevertheless, it is not clear that the Court's analysis in this matter

ORDER - 12

1    would differ in any significant respect under the specific and legitimate standard

2    set forth in *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).

3        *1. Dr. Early*

4        On June 30, 2016, Dr. Early examined Plaintiff and rendered an opinion on

5    Plaintiff's functioning.  Tr. 391-403.  Dr. Early diagnosed Plaintiff with post-

6    traumatic stress disorder and unspecified depressive disorder.  Tr. 398.  Dr. Early

7    opined Plaintiff's mental health impairment was fixed and stable, and he had a

8    permanent partial mental health impairment that he rated at a category four.[4]  Tr.

9    _____

10   [4] While the questionnaire does not list the definition of a category four impairment,

11   WAC 296-20-340 provides the definition for categories of permanent mental

12   health impairments; a category four impairment indicates: "Very poor judgment,

13   marked apprehension with startle reactions, foreboding leading to indecision, fear

14   of being alone and/or insomnia; some psychomotor retardation or suicidal

15   preoccupation; fear-motivated behavior causing moderate interference with daily

16   life; frequently recurrent and disruptive organ dysfunction with pathology of organ

17   or tissues; obsessive-compulsive reactions causing inability to work with others or

18   adapt; episodic losses of physical function from hysterical or conversion reactions

19   lasting longer than several weeks; misperceptions including sense of persecution or

20   grandiosity which may cause domineering, irritable or suspicious behavior;

399.  Dr. Early also opined Plaintiff is unable to successfully maintain and sustain meaningful and gainful employment.  Tr. 399.  Dr. Early further opined Plaintiff has moderate limitations in his ability to understand and remember detailed instructions, carry out detailed instructions, respond appropriately to changes in the work setting, and be aware of normal hazards and take appropriate precautions; marked limitations in his ability to maintain attention/concentration for extended periods of time, accept instructions and respond appropriately to criticism from supervisors, travel to unfamiliar places or use public transportation, and set realistic goals or make plans independently of others; and severe limitations in his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, work in coordination with or proximity to others without being distracted by them, complete a normal workday/workweek without interruptions from psychologically-based symptoms and perform at a

———————————————

thought disturbance causing memory loss that interferes with work or recreation; periods of confusion or vivid daydreams that cause withdrawal or reverie; deviations in social behavior which cause concern to others; lack of emotional control that is a nuisance to family and associates; moderate disturbance from organic brain disease such as to require a moderate amount of supervision and direction of work day activities."

ORDER - 14

consistent pace without an unreasonable number/length of rest periods, interact

appropriately with the general public, get along with coworkers or peers without

behavioral extremes, maintain socially appropriate behavior and adhere to basic

standards of neatness and cleanliness, and travel to unfamiliar places or use public

transportation; and he otherwise had no to only mild limitations in the remaining

areas of functioning.  Tr. 400-02.

The ALJ did not address Dr. Early's opinion, and only noted that no

"opinion that predates the current relevant period has been weighed for

persuasiveness."  Tr. 21.  The ALJ must evaluate medical opinions using the

factors listed in 20 C.F.R. § 416.920c.  When the ALJ improperly ignores

significant and probative evidence in the record favorable to a claimant's position,

the ALJ "thereby provide[s] an incomplete residual functional capacity

determination."  *Hill*, 698 F.3d at 1160-61; *see also Vincent v. Heckler*, 739 F.2d

1393, 1394-95 (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981)).

Defendant argues the ALJ did not error in failing to address Dr. Early's opinion,

and any error would be harmless, because Dr. Early rendered his opinion 20

months before the alleged onset date, and thus the opinion is not significant

probative evidence.  ECF No. 17 at 7-8.  Defendant cites to a case in which this

Court found two opinions rendered four years prior to the alleged onset date were

not probative evidence.  ECF No. 17 at 7 (citing *White v. Colvin*, No. 2:24-cv-

ORDER - 15

003344-MKD, 2016 WL 5109519 at *7 (E.D. Wash. Sept. 19, 2016).  In *White,* the Plaintiff worked at a substantial gainful activity level after the two opinions were rendered, and this Court found the opinions were inconsistent with Plaintiff's ability to work.  *White*, 2016 WL 5109519 at *7.  Defendant also cites to *Carmickle*; in which the Ninth Circuit found an opinion that predated the alleged onset date was not relevant, when the opinion was rendered at a time when the Plaintiff was working two jobs, and the opinion was prior to the injury Plaintiff alleged was the disabling event.  *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008).

Here, Dr. Early opined Plaintiff's condition was at maximum medical improvement, and it was fixed and stable, and it was unlikely psychiatric treatment would result in any curative benefit.  Tr. 398-99.  Unlike the plaintiffs in *White* and *Carmickle*, Plaintiff has not engaged in substantial gainful activity since Dr. Early rendered his opinion, and the ALJ did not set forth any analysis as to whether there had been improvement since Dr. Early rendered his opinion.  Tr. 17, 21.  Further, Dr. Early's opinion is consistent with Dr. Patterson's opinion and Plaintiff's symptom claims.  Thus, in this instance, despite the opinion being rendered 20 months prior to the alleged onset date, Dr. Early's opinion is probative evidence. As the ALJ did not set forth any analysis of the consistency nor supportability of Dr. Early's disabling opinion, the Court cannot find the ALJ's failure to address

the opinion is harmless. *See Stout v. Comm'r of Soc. Sec. Admin.,* 454 F.3d 1050, 1055-56 (9th Cir. 2006); *Molina,* 674 F.3d at 1115. On remand, the ALJ is instructed to consider Dr. Early's opinion and incorporate the opinion into the RFC or give reasons supported by substantial evidence to reject the opinion.

### 2. Dr. Patterson

On June 27, 2018, Dr. Patterson, an evaluating provider, rendered an opinion on Plaintiff's functioning. Tr. 404-09. Dr. Patterson diagnosed Plaintiff with unspecified anxiety disorder (rule-out PTSD); unspecified personality disorder (antisocial and borderline traits, provisional diagnosis); alcohol use disorder, in sustained remission; and attention deficit hyperactivity disorder, unspecified (per history). Tr. 408. Dr. Patterson opined that Plaintiff would have difficulty accepting instructions from supervisors and interacting with coworkers and the public; his ability to establish healthy work relationships is very questionable; he would have difficulty completing a normal workday/workweek without interruptions from a psychiatric condition and dealing with the usual stress encountered in the workplace; and he has a low tolerance for stress and is likely to decompensate under normal workplace pressures, possibly leading to aggression and violence. Tr. 409. The ALJ found Dr. Patterson's opinions not fully persuasive. Tr. 23. As the case is being remanded to consider Dr. Early's opinion,

1 and Dr. Patterson's opinion is consistent with Dr. Early's opinion, the ALJ is also

2 instructed to reconsider Dr. Patterson's opinion.

3 **B. Plaintiff's Symptom Claims**

4    Plaintiff faults the ALJ for failing to rely on reasons that were clear and

5 convincing in discrediting his symptom claims.  ECF No. 16 at 14-20.  An ALJ

6 engages in a two-step analysis to determine whether to discount a claimant's

7 testimony regarding subjective symptoms.  SSR 16–3p, 2016 WL 1119029, at *2.

8 "First, the ALJ must determine whether there is objective medical evidence of an

9 underlying impairment which could reasonably be expected to produce the pain or

10 other symptoms alleged."  *Molina*, 674 F.3d at 1112 (quotation marks omitted).

11 "The claimant is not required to show that [the claimant's] impairment could

12 reasonably be expected to cause the severity of the symptom [the claimant] has

13 alleged; [the claimant] need only show that it could reasonably have caused some

14 degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

15    Second, "[i]f the claimant meets the first test and there is no evidence of

16 malingering, the ALJ can only reject the claimant's testimony about the severity of

17 the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

18 rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

19 omitted).  General findings are insufficient; rather, the ALJ must identify what

20 symptom claims are being discounted and what evidence undermines these claims.

1    *Id.* (quoting *Lester*, 81 F.3d at 834; *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th

2    Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's

3    symptom claims)).  "The clear and convincing [evidence] standard is the most

4    demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995,

5    1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920,

6    924 (9th Cir. 2002)).

7         Factors to be considered in evaluating the intensity, persistence, and limiting

8    effects of a claimant's symptoms include: 1) daily activities; 2) the location,

9    duration, frequency, and intensity of pain or other symptoms; 3) factors that

10   precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and

11   side effects of any medication an individual takes or has taken to alleviate pain or

12   other symptoms; 5) treatment, other than medication, an individual receives or has

13   received for relief of pain or other symptoms; 6) any measures other than treatment

14   an individual uses or has used to relieve pain or other symptoms; and 7) any other

15   factors concerning an individual's functional limitations and restrictions due to

16   pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §

17   416.929(c).  The ALJ is instructed to "consider all of the evidence in an

18   individual's record," to "determine how symptoms limit ability to perform work-

19   related activities." SSR 16-3p, 2016 WL 1119029, at *2.

20

ORDER - 19

1    The ALJ found that Plaintiff's medically determinable impairments could

2    reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's

3    statements concerning the intensity, persistence, and limiting effects of his

4    symptoms were not entirely consistent with the evidence.  Tr. 21.

5    The ALJ's evaluation of Plaintiff's symptom claims and the resulting

6    limitations largely relies on the ALJ's assessment of the medical evidence and

7    Plaintiff's lack of ongoing mental health treatment.  Having determined a remand

8    is necessary to readdress the medical source opinions, which includes opinions that

9    Plaintiff would have difficulty establishing a productive therapeutic relationship

10   and treatment would not result in any curative benefit, Tr. 398, 408-09, any

11   reevaluation must necessarily entail a reassessment of Plaintiff's subjective

12   symptom claims.  Thus, the Court need not reach this issue and on remand the ALJ

13   must also carefully reevaluate Plaintiff's symptom claims in the context of the

14   entire record.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because

15   we remand the case to the ALJ for the reasons stated, we decline to reach

16   [plaintiff's] alternative ground for remand.").

17

18

19

20

1    **C. Remedy**

2        Plaintiff urges this Court to remand for an immediate award of benefits.

3    ECF No. 16 at 20-21.

4        "The decision whether to remand a case for additional evidence, or simply to

5    award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d

6    1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)).

7    When the Court reverses an ALJ's decision for error, the Court "ordinarily must

8    remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041,

9    1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the

10   proper course, except in rare circumstances, is to remand to the agency for

11   additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*,

12   775 F.3d 1090, 1099 (9th Cir. 2014).  However, in a number of Social Security

13   cases, the Ninth Circuit has "stated or implied that it would be an abuse of

14   discretion for a district court not to remand for an award of benefits" when three

15   conditions are met.  *Garrison*, 759 F.3d at 1020 (citations omitted).  Under the

16   credit-as-true rule, where (1) the record has been fully developed and further

17   administrative proceedings would serve no useful purpose; (2) the ALJ has failed

18   to provide legally sufficient reasons for rejecting evidence, whether claimant

19   testimony or medical opinion; and (3) if the improperly discredited evidence were

20   credited as true, the ALJ would be required to find the claimant disabled on

ORDER - 21

remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Further proceedings are necessary in this case to resolve conflicts in the record, including conflicting medical opinions and gaps in treatment. Given the gaps in treatment, on remand, the ALJ is instructed to consider whether further development of the record is necessary including a consultative examination and/or testimony from a physical or psychological expert, and to order such examinations or obtain such testimony the ALJ deems necessary. As such, this case is remanded for further proceedings consistent with this Order.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is not free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. The District Court Executive is directed to substitute Kilolo Kijakazi as Defendant and update the docket sheet.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

3. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

4. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED December 7, 2021.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE